UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yakov Magdalasov,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ByteDance Inc., TikTok Inc., and Maria Malvar,<br><br>　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO:　THE JUDGES FOR THE UNITED STATES DISTRICT COURT
　　　FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE**, that Defendants ByteDance Inc. ("BDI"), TikTok Inc. ("TTI"), and Maria Malvar ("Ms. Malvar") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, by and through their undersigned counsel, hereby remove the action entitled *Yakov Magdalasov v. ByteDance Inc. et al.*, filed in the Supreme Court of the State of New York, County of New York, Index No. 159153/2025, to the United States District Court for the Southern District of New York.[1] As required by 28 U.S.C. § 1446(a), Defendant sets forth below a short and plain statement of the grounds for removal:

**PROCEDURAL HISTORY**

1.　BDI employee Yakov Magdalasov ("Plaintiff") commenced this action *pro se* on or about July 17, 2025, by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, under Index No. 159153/2025 against the Defendants (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

---

[1] By removing this action to this Court, Defendants do not waive any defenses, objections, or responsive pleadings available under State or Federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, forum non conveniens, res judicata or on any other applicable grounds.

1

2. As set forth in the Complaint, Plaintiff alleges Defendants violated the New York State Human Rights Law ("NYSHRL") by unlawfully discriminating and retaliating against Plaintiff based on his disability, failure to accommodate his disability, and retaliating against him. *See* Ex. A, ¶ 2. Additionally, Plaintiff asserts a claim for aiding and abetting discrimination against Ms. Malvar. *See id.*, ¶ 4.

3. Defendants deny Plaintiff's claims and deny any liability for Plaintiff's alleged injuries.

4. On information and belief, Defendants have not yet been properly joined or served in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

5. The State Court Action is the second lawsuit filed by Plaintiff against BDI asserting the same or similar claims in connection with Plaintiff's employment with BDI. Previously, on or about May 12, 2025, Plaintiff filed a Complaint in the Supreme Court of the State of New York, County of New York against BDI, alleging, among other things, claims of discrimination and retaliation in violation of the NYSHRL and claims under the Employee Retirement Income Security Act of 1974 ("ERISA"). On May 20, 2025, BDI filed a Notice of Removal, removing that action to the Southern District of New York, under Case No. 25-cv-04243 (AS) (the "Federal Court Action").

6. On June 3, 2025, Plaintiff filed two motions in the Federal Court Action: (1) a Motion to Remand; and (2) a Motion for Temporary Restraining Order and Preliminary Injunction. BDI timely opposed both motions, which are now fully submitted and pending before U.S. District Judge Arun Subramanian. On this same date, Plaintiff also filed a Second Amended Complaint for damages and equitable relief.

7. On June 11, 2025, BDI filed a Motion to Dismiss and a Motion to Compel Arbitration under the FAA, asking the federal court to dismiss Plaintiff's ERISA claims and stay the non-ERISA portions of the Federal Court Action pending arbitration. This motion is fully submitted and pending before U.S. District Judge Arun Subramanian.

8. On July 15, 2025, Plaintiff filed a letter motion to expedite which was addressed to Judge Subramanian, asking the Court to issue a decision on Plaintiff's Motion to Remand as soon as practicable. The Motion to Remand remains pending. *See Magdalasov v. ByteDance Inc.*, Case No. 25-cv-04243(AS)(HJR), Docket Entry No. 25, Defendants' Memorandum of Law in Opposition to Plaintiff's Motions to Remand and for a Temporary Restraining Order and Preliminary Injunction; Docket Entry No. 31, Plaintiff's Letter-Motion to Expedite.

9. Despite already initiating a lawsuit against BDI alleging claims stemming from his employment, Plaintiff has chosen to file the State Court Action alleging substantially the same claims based on the same underlying facts. For the same reasons as his initial filing was removable, the State Court Action is also removable to federal court.

## GROUNDS FOR REMOVAL

10. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, no Defendant who is a citizen of New York has been properly joined and served, and on information and belief the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This action may also be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims in the instant State Court Action arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C.

3

§ 1001 *et seq.* ("ERISA") or implicate Plaintiff's rights and Defendants' duties under an ERISA plan. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1331 for the same reasons as provided in Defendants' Notice of Removal in the Federal Court Action. *See Magdalasov v. ByteDance Inc.,* Case No. 25-cv-04243(AS)(HJR), Docket Entry No. 2, Defendants' Notice of Removal at pp. 5 – 8.

12. Removal is timely in that Defendants filed this Notice of Removal within 30 days of receipt of a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1).

13. Plaintiff filed the instant State Court Action in the Supreme Court of the State of New York, County of New York. Thus, pursuant to 28 U.S.C. § 1441(a), venue properly lies in the United States District Court for the Southern District of New York, the district embracing New York County.

14. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because Plaintiff is a citizen of a state different from Defendants, and upon information and belief the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship

15. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) because the Parties are diverse and upon information and belief the amount in controversy exceeds $75,000.

#### a. The Parties Are Diverse

16. Diversity of citizenship between Plaintiff and Defendants existed at the time Plaintiff filed the Complaint and continues to exist as of this removal.

17. Plaintiff alleges he resides in Kearny, New Jersey. *See* Ex. A, ¶ 6. For purposes of this Notice, Plaintiff's allegation is sufficient to establish that he is a citizen of New Jersey. *See, e.g.*, *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc. v. Dish Network, L.L.C.*, No. 15 Civ. 1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship.") (citation and internal quotation omitted).

18. To the extent Plaintiff alleges he is Russian (*see* Ex. A, ¶ 12), this will not destroy diversity because diversity jurisdiction exists between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2); *see John-Cedeno v. Kings Cnty. Hosp.*, No. 22-CV-7959 (RPK) (MMH), 2024 WL 3886580, at *3 (E.D.N.Y. Aug. 21, 2024) (holding foreign plaintiff and domestic defendant corporation are diverse); *Chigirinskiy v. Panchenkova*, 252 F. Supp. 3d 379, 382 (S.D.N.Y. 2017) (holding plaintiff with Russian citizenship and defendants with United States citizenship are diverse); *Golden Bridge LLC v. 150-30 Ave Realty LLC*, No. 23-CV-09045 (NCM) (PK), 2025 WL 1548859, at *4 (E.D.N.Y. May 30, 2025) (holding foreign plaintiff and domestic defendants are diverse).

19. At the time Plaintiff commenced the State Court Action, and at all times since, BDI was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in San Jose, California. Therefore, BDI is a citizen of the States of Delaware and California for the purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

20. At the time Plaintiff commenced the State Court Action, and at all times since, TTI was and is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Culver City, California. Therefore, TTI is a citizen of the state of California for the purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

21. At the time Plaintiff commenced the State Court Action, and at all times since, Defendant Maria Malvar was and is a resident and citizen of the State of New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1); *see also* Ex. A., ¶ 9.

22. Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a). Plaintiff is a citizen of New Jersey, and Defendant BDI is a citizen of Delaware and California, Defendant TTI is a citizen of California, and Defendant Maria Malvar is a citizen of New York.

23. Because no Defendant who is a citizen of New York has been properly joined and served in this action, the snap removal of this action is proper under 28 U.S.C. § 1441(b)(2). *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) ("Put simply, the result here — that a home-state defendant may in limited circumstances remove actions filed in state court on the basis of diversity of citizenship — is authorized by the text of Section 1441(b)(2) and is neither absurd nor fundamentally unfair.").

### b. The Amount in Controversy Exceeds $75,000

24. The amount in controversy requirement is satisfied in this case because it is clear from the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

25. A removing defendant need only show "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (citation omitted). In determining the amount in controversy, a district court should first review the plaintiff's allegations. *See Samuels v. Elrac, Inc.*, No. CV-06-5345 (NG) (JO), 2006 U.S. Dist. LEXIS 72641, at *3 (E.D.N.Y. Oct. 5, 2006) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).

26. "In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007) (citation omitted). In this injunctive relief context, "'the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested.'" *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (quoting *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972)); *see also Am. Standard, Inc.,* 498 F. Supp. 2d at 717 ("Because that amount is measured from the plaintiff's perspective, the value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted."). To wit, "the amount in controversy can be understood as 'the value of the consequences which may result from the litigation.'" *See id.* (quoting *Beacon Constr. Co. v. Matco Elec. Co.,* 521 F.2d 392, 399 (2d Cir. 1975)).

27. Here, Plaintiff seeks declaratory and injunctive relief requiring BDI to reinstate Plaintiff's employment status without adverse action or threat of termination and injunctive relief necessary to ensure compliance with the NYSHRL, as well as monetary damages for lost wages, unpaid benefits, economic loss, emotional distress, mental anguish, and loss of dignity. *See* Ex. A., Prayer for Relief. These damages easily meet the amount in controversy requirement. This can be valued at the amount of wages and benefits Plaintiff would have received by, at a minimum, maintaining his employment with BDI through the course of this lawsuit, which based on Plaintiff's current compensation, is greater than $75,000. Plaintiff's salary is undisputed based on the documents filed by Plaintiff in the Federal Action that provide he is paid at a base salary rate of $202,000 per year plus eligibility for a target annual bonus of 25% of his base salary. *See*

*Magdalasov v. ByteDance Inc.*, Case No. 25-cv-04243(AS)(HJR), Docket Entry No. 18, Affidavit of Yakov Magdalasov Exhibit B, ¶¶ 3-4.

28. Plaintiff's attempt to skirt diversity jurisdiction by specifically alleging "that the total amount in controversy – whether individually or in the aggregate against all Defendants – does not exceed $74,999," is a disingenuous attempt to avoid federal jurisdiction. Courts have condemned such behavior and have found, in several instances, the amount-in-controversy requirement was satisfied following a party's obvious attempt to avoid the federal court's diversity jurisdiction. For example, in *Brown v. Richer-Guinard*, the Court held that amount in controversy was met when the Plaintiff estimated damages to be $74,999 because "there will usually be a reasonable probability that the amount in controversy in fact exceeds $75,000." *Brown v. Richer-Guinard*, No. 19-cv-5914 (AJN), 2020 U.S. Dist. LEXIS 95535, at *4 (S.D.N.Y. June 1, 2020); *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) ("We . . . make clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied."); *Munoz v. Sesame Place, Inc.,* 1998 WL 150495, at *2 (S.D.N.Y. Mar. 30, 1998) ("Plaintiffs' motion to remand this case to state court is denied, as subject matter jurisdiction under 28 U.S.C. § 1332 was established at the time the suit was filed."); *Cavanagh v. Columbia Sussex Corp.,* 2021 WL 4356042, at *2 (E.D.N.Y. Sept. 24, 2021) ("[T]he general rule is that a plaintiff may not after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduce [] the claim below the requisite amount . . . [in order to] deprive the district court of jurisdiction."); *St. Paul Mercury Indent. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938) ("If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.").

29. Additionally, Courts have held that while a "plaintiff is the master of [their] claim whose monetary demand is to be accorded deference," a plaintiff's claim must be made in "good faith" when determining whether the amount in controversy requirement has been met. *In re Rezulin Products Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

30. Here, given the damages sought by Plaintiff, there is a reasonable probability that the amount in controversy will be met because of the lost wages, unpaid benefits, economic loss, emotional distress, mental anguish, and loss of dignity that Plaintiff seeks to be compensated for in the State Court Action along with the injunctive relief he seeks.

31. Plaintiff's now *second* bite at the apple in New York State Court is inappropriate because it alleges the same or similar claims based on the same factual background as in the pending Federal Court Action, and the instant case appears to have been filed in bad faith to avoid federal jurisdiction and after Plaintiff did not get an immediate decision from the federal Court on his pending motion for remand, which lacks merit for the reasons set forth in Defendants' opposition to that motion. *See supra* ¶¶ 5-9.

32. Moreover, when the damages sought in the first case Plaintiff filed -- which is currently pending in federal Court -- is combined with the damages he is seeking in the instant State Court Action, the total amount Plaintiff is seeking in damages based on the same underlying facts is more than $75,000. *Compare* the judicial complaints in the Federal Court Action and the State Court Action. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of court filings).

33. Therefore, the amount in controversy has been met and the State Court Action should proceed in federal court.

ACTIVE 713189482v1

## ADDITIONAL PROCEDURAL REQUIREMENTS

34. Removal is timely because less than 30 days have passed since Plaintiff filed his Summons and Complaint on July 17, 2025. *See* 28 U.S.C. § 1446(b).

35. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action, arranged in chronological order, is attached hereto collectively as **Exhibit B**. An index identifying each document filed and/or served in the state court action is attached as **Exhibit C**.

36. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of New York, where this action currently is pending.

**WHEREFORE**, Defendants give notice that the matter bearing Index No. 159153/2025 in the Supreme Court of the State of New York, County of New York, is hereby removed to the United States District Court for the Southern District of New York.

Dated: New York, New York
July 22, 2025

**GREENBERG TRAURIG, LLP**

By: _____
Todd H. Girshon, Esq.
2317 Montauk Highway, P.O. Box 3048
Bridgehampton, NY 11932
Tel: (631) 994-2412
-and-
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9311
Todd.Girshon@gtlaw.com

*Attorneys for Defendants*

ACTIVE 713189482v1